## Schollenberg Estate

[black box]

*Jerry L. Johnson,* for appellant.
*Catherine R. Barone,* for Commonwealth.

SATTERTHWAITE, *J.,* Specially Presiding, September 1, 1976—The sole question presented by these proceedings is whether or not the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, 72 P.S. §2485-101 et seq., has effectively imposed a tax upon transfers of intangible personalty presumptively made in contemplation of death by one who was then domiciled in another jurisdiction but who had thereafter become and remained a Pennsylvania resident at the time of his death.

Decedent for more than 20 years had been an unquestioned bona fide resident and domiciliary of the State of Florida. On April 22, 1974, he caused sundry of his holdings of corporate shares of stock, aggregating some $90,000 in value and comprising about two-thirds of the value of his stockholdings, to be transferred as gifts to his two sons and their respective wives. He was a widower, aged 86 years, his wife having died in 1969. In April 1975, upon the annual trip of his sons to Florida to visit him, it was decided among the family that by reason of his failing health he should leave Florida and make his home with one son in Pennsylvania. Accordingly, he did take up residence, and so continued to the time of his death, in Downingtown, this county, where he died on May 26, 1975. He left a will, dated April 14, 1975, whereby he gave his entire estate to be divided between his two sons. Due appraisement was made of his estate for Pennsylvania inheritance tax purposes, and the sons have appealed from the inclusion therein of

the securities so transferred in 1974, aggregating $93,521.99 in date-of-death values. The total gross estate so appraised was $262,946.97; no question of valuation is presented.

The evidence adduced at the hearing before this court on appeal would not be sufficient, had the decedent at all times been a Pennsylvania resident, to rebut the presumption of taxability under sections 221 and 222 of the Inheritance and Estate Tax Act as transfers in contemplation of death. The gifts were unquestionably of a material part of the donor's estate; they were effected less than two years prior to death; no continued-life purpose was shown by the evidence to counter the statutory inference of death motivation.

Appellants argue, however, and, after due consideration, the court agrees, that because the case is concerned with transfers of intangible assets of a then nonresident, the statute simply does not purport to impose a tax thereon. Analysis of the relevant statutory provisions would seem to demonstrate the correctness of this position.

Section 221 imposes a tax upon, inter alia, lifetime gratuitous "transfers of property . . . by a resident or a nonresident" in "contemplation of death" as defined in section 222. However, section 102(17) defines the word "property" as including, in the only presently relevant context: "(iv) All real property and all tangible personal property of a nonresident decedent or transferor having its situs in Pennsylvania, including such property held in trust."

It is to be noted that *intangible* personal property of a nonresident transferor is not included in this definition. Hence, the section 221 tax upon certain inter vivos transfers by a nonresident would relate only to real or tangible assets having

physical situs in Pennsylvania, and can have no application to intangibles such as corporate securities.

The provisions of section 102(17)(ii), which would include "All intangible personal property of a resident decedent or transferor" within the concept of "property" for purposes of the taxing statute, are of no contrary significance in the instant situation. The shares of stock in issue were not "of a resident decedent" since they no longer belonged to him at the time of his death when he had become a resident; nor were they "of a resident . . . transferor" since he was domiciled in Florida at the time of the gift.

### FINAL DECREE

And now, September 1, 1976, for the reasons stated in the foregoing opinion, the within appeal from appraisement is hereby sustained, and the respective transferred shares of stock itemized and valued at an aggregate of $93,521.99 in Schedule C in the appraisement appealed from are hereby determined to be not includible or taxable and are accordingly hereby stricken from said appraisement.